# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

N.K.D.,                                        :
                           Petitioner          :
                                               :
            v.                                 :    No. 622 M.D. 2019
                                               :    ARGUED:  February 8, 2021
Commissioner of the Pennsylvania               :
State Police, Robert Evanchick,                :
                           Respondent          :


BEFORE:     HONORABLE P. KEVIN BROBSON, President Judge[1]
            HONORABLE MARY HANNAH LEAVITT, Judge (P)[2]
            HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                    **FILED:  January 18, 2022**


            N.K.D., Petitioner, has applied for summary relief with respect to his petition for review against the Commissioner of the Pennsylvania State Police, Respondent.  The petition is in the nature of a complaint in mandamus seeking injunctive and declaratory relief. He seeks to have his name stricken from the Megan's Law Registry and website in Pennsylvania and, by direction of Respondent, in Virginia, where he now resides.  Petitioner challenges the constitutionality of the current version of Subchapter H (Revised Subchapter H) of the Sexual Offender

---

[1] The Court reached the decision to this case prior to the conclusion of President Judge Emeritus Brobson's service on the Commonwealth Court.

[2] This matter was assigned to the panel before January 3, 2022, when President Judge Emerita Leavitt became a senior judge on the Court.

Registration and Notification Act (SORNA II),[3] found at 42 Pa.C.S. §§ 9799.10 – 9799.39.  For the reasons that follow, we deny Petitioner's application for summary relief.

There is little in the way of a factual record before the Court.  In July 2017, Petitioner pled guilty to two counts of indecent assault in the Court of Common Pleas of York County, evidently involving sexual assault of a child.[4] Petitioner was sentenced in December 2017 to a term of eight years of probation on both counts, plus a lifetime of reporting and registration as a Tier III sexual offender. At the time of the guilty plea, Petitioner was advised of his registration obligations under the Pennsylvania sex offender registration laws and informed that he was a Tier III sexual offender for whom lifetime registration would be required. The previous version of the Sexual Offender Registration and Notification Act (SORNA I), *formerly* 42 Pa.C.S. §§ 9799.10 – 9799.41, was in effect.

No further legal action was taken to challenge the conviction and sentence.  A resident of Virginia, Petitioner alleges that he has been required to register as a violent sex offender with the Department of State Police of the

---

[3] The lengthy legislative history of SORNA II, including its predecessor laws and Revised Subchapter H, is set forth in *Commonwealth v. Torsilieri*, 232 A.3d 567, 575-581 (Pa. 2020).

[4] Petitioner alleges that the underlying facts of his conviction were that he touched the penis of a four-year-old through the child's clothing and *vice versa*.  (Petition for Review, ¶ 5(a); Application for Summary Relief, ¶ 5.)  Petitioner also alleges, in a footnote to Paragraph 5(a) of the Petition for Review, that the sentencing judge was informed that Petitioner was autistic and further alleges that he has been diagnosed with a "severe and chronic" autism spectrum disorder with developmental disability and "extremely low" social skills.  (Petition for Review at 3 n.1.) Respondent, stating that it lacked information to confirm the allegations concerning the facts of the underlying offense, denied them.  (Answer and New Matter, ¶ 5(a); Answer to Application for Relief, ¶ 5.)  In its brief, Respondent characterizes the underlying facts as follows: "On July 5, 2017, Petitioner sexually assaulted a four[-]year[-]old."  (Respondent's Br. at 1.)

Commonwealth of Virginia, commencing December 27, 2017. (Petition for Review, ¶ 5(e); Application for Summary Relief, ¶ 9.)[5]

Subsequent to Petitioner's sentencing, the General Assembly amended SORNA I in Act 10 of 2018, Act of February 21, 2018, P.L. 27, which became effective on February 21, 2018. Act 10 was, in turn, reenacted as Act 29 of 2018, Act of June 12, 2018, P.L. 140, 42 Pa.C.S. §§ 9799.10 – 9799.75, which became effective immediately. Act 29 split the legislation into the Revised Subchapter H and new Subchapter I. Revised Subchapter H applies to crimes committed on or after December 20, 2012, and resembles in substance SORNA I. Revised Subchapter H is the version applied to Petitioner. Subchapter I was enacted in order to address, *inter alia*, the Supreme Court's determination in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017) (plurality), that application of SORNA I to those convicted prior to December 20, 2012, violated those individuals' *ex post facto* rights. 42 Pa.C.S. § 9799.11(b)(4).

Petitioner filed his petition for review in the original jurisdiction of this Court and Respondent filed an answer. Petitioner has filed an application for summary relief that is now before the Court.

Petitioner raises two arguments in support of his application for summary relief:[6] (1) that Revised Subchapter H violates the *ex post facto* provisions of the United States and Pennsylvania Constitutions and (2) that Revised Subchapter

---

[5] Respondent claims insufficient knowledge to confirm and therefore denies this allegation. (Answer and New Matter, ¶ 5(e); Answer to Application for Summary Relief ¶ 9.)

[6] Pennsylvania Rule of Appellate Procedure 1532(b), Pa.R.A.P. 1532(b), allows this Court to enter judgment any time after the filing of a petition for review, when the applicant's right to relief is clear.

H violates his right to due process. Respondent raises the threshold issue of standing,[7] which we find exists.[8]

## *Ex Post Facto Arguments*

Petitioner contends that applying Revised Subchapter H to offenses committed prior to its effective date, such as Petitioner's, violates the constitutional prohibition on *ex post facto* laws. We do not find his arguments availing.

Petitioner asserts that because SORNA I was repealed and SORNA II was enacted subsequent to the commission of his offenses, there "was no law in existence regarding registration and reporting requirements that applied to the Petitioner." (Petitioner's Br. at 9.) However, this is simply untrue—SORNA I was in effect at the time of the commission of Petitioner's offenses and Revised Subchapter H is an amended version of SORNA I limited so as not to apply to those

---

[7] The heading of this section of Respondent's brief states that the claim is not justiciable (*see* Respondent's Brief at 2), but the short discussion therein is addressed to standing.

[8] Respondent argues that Petitioner lacks standing to bring this action, because he does not live in Pennsylvania and is therefore not on the Commonwealth's sex offender registry.

For standing to exist, the underlying controversy must be real and concrete, such that the party initiating the legal action has, in fact, been "aggrieved." *Pittsburgh Palisades Park, LLC v. Commonwealth*, 888 A.2d 655, 659 (Pa. 2005). A party is aggrieved for purposes of establishing standing when the party has a substantial, direct, and immediate interest in the outcome of litigation. *Office of Governor v. Donahue*, 98 A.3d 1223, 1229 (Pa. 2014). A party's interest is substantial when it surpasses the interest of all citizens in procuring obedience to the law; it is direct when the asserted violation shares a causal connection with the alleged harm; finally, a party's interest is immediate when the causal connection with the alleged harm is neither remote nor speculative. *Id.*

We find that standing exists for the purposes of considering Petitioner's application for summary relief because subjection to Revised Subchapter H carries with it the necessary interest for Petitioner to be considered aggrieved as it affects his rights under the laws of the Commonwealth and of another jurisdiction.

4

whose *ex post facto* rights were affected by that law, i.e., those whose offenses occurred prior to December 20, 2012.[9] Petitioner is not such a person.

Some of the specific provisions which Petitioner asserts injure him pre-date both his offenses and the 2018 legislation. Act 11 of 2011 enacted the following provisions: penalties for violation of registration requirements in 42 Pa.C.S. § 9799.21 (relating to penalty); the in-person verification requirements in 42 Pa.C.S. § 9799.25 (relating to verification by sexual offenders and the Pennsylvania State Police); and the requirement that the Pennsylvania State Police develop and maintain a public internet website in 42 Pa.C.S. § 9799.28 (relating to public internet website). Another provision, the mandatory additional three-year period of probation for sexual offenders provided for in 42 Pa.C.S. § 9718.5(a), was enacted by Act 10 of 2018 on February 21, 2018, effective April 23, 2018, well after Petitioner's offenses and sentencing. Thus, it is unclear as to how it applies to Petitioner.

Further, Petitioner's comparison of such provisions to the "less stringent" provisions of Subchapter I found constitutional by the Supreme Court in its recent decision, *Commonwealth v. LaCombe*, 234 A.3d 602 (Pa. 2020), sets an improper baseline: the very purpose of Subchapter I was to address those for whom application of provisions in SORNA I *did* constitute *ex post facto* punishment, i.e., those whose offenses predated December 20, 2012. Revised Subchapter H applies to those like Petitioner whose offenses occurred *subsequent* to that date, for whom application of SORNA I would not run afoul of *ex post facto* rights.

---

[9] *See* Section 21(1) of Act 29 ("[t]he reenactment or amendment of . . . 42 Pa.C.S. Ch. 97 Subch. H shall apply to an individual who committed an offense on or after December 20, 2012").

5

### *Due Process Arguments*

Petitioner argues that Revised Subchapter H's imposition of a lifetime of reporting and registration constitutes a denial of procedural due process even though there has been no finding by any court that he is a person whose individual circumstances warrant such a harsh penalty. Petitioner contends that the maximum sentence under the statute for indecent assault, a misdemeanor of the first degree, is ten years (two consecutive terms of five years) and that the reporting and registration requirements effectively create a sentence of lifetime probation. Petitioner also notes that under 42 Pa.C.S. § 9718.5(a) there is an additional mandatory term of three years' probation that was not part of Petitioner's original sentence.

Petitioner contends that the public internet website authorized by Revised Subchapter H provides an electronic notification option similar to the community notification procedure used to inform citizens when a sexually violent predator moves into a neighborhood, despite Petitioner never having been determined to be a sexually violent predator, denying him substantive due process. As a result of the application of Revised Subchapter H, Petitioner asserts that he will sustain damage to his reputation and face a stigma to his place in society not authorized by the Constitution.

Petitioner contends that Subchapter H subjects him to increased registration provisions without a jury having determined that he poses a greater risk of future dangerousness beyond a reasonable doubt and also violates federal and state constitutional separation of powers doctrines by encroaching upon the courts' responsibility to impose an individualized fact-based sentence.

Our Supreme Court's recent decision in *Commonwealth v. Torsilieri*, 232 A.3d 567 (Pa. 2020), concerned a due process challenge to Revised Subchapter

H.  The *Torsilieri* Court did not reach the merits of any of the constitutional claims at issue, determining instead that the factual record was not sufficiently developed in the trial court.  The Court stated as follows:

> [A]ll cases are evaluated on the record created in the individual case . . . . [T]his Court will not turn a blind eye to the development of scientific research, especially where such evidence would demonstrate infringement of constitutional rights.
>
> Nevertheless, we also emphasize that it will be the rare situation where a court would reevaluate a legislative policy determination, which can only be justified in a case involving infringement of constitutional rights and a consensus of scientific evidence undermining the legislative determination.  We reiterate that while courts are empowered to enforce constitutional rights, they should remain mindful that the "wisdom of a public policy is one for the legislature, and the General Assembly's enactments are entitled to a strong presumption of constitutionality rebuttable only by a demonstration that they clearly, plainly, and palpably violate constitutional requirements."
>
> . . . .
>
> Accordingly, we conclude that the proper remedy is to remand to the trial court to provide both parties an opportunity to develop arguments and present additional evidence and to allow the trial court to weigh that evidence in determining whether [Torsilieri] has refuted the relevant legislative findings supporting the challenged registration and notification provisions of Revised Subchapter H.

*Id.* at 596 (citations omitted).

There is no factual record in this case beyond the mere fact of Petitioner's conviction.  Thus, there is no basis for resolving the factual issues identified in *Torsilieri* for a facial challenge to Revised Subchapter H.  Further, there

7

are factual disputes regarding the averments specific to Petitioner's situation (the nature of his offense and his alleged diagnosis of autism) to determine that the Petitioner has made a case for an as-applied challenge. *Compare to Com. v. Muhammad*, 241 A.3d 1149 (Pa. Super. 2020) (vacating requirement to comply with SORNA II based upon as-applied due process challenge). We may grant summary relief where the dispute is legal rather than factual, but not where there are disputes of fact. *Phantom Fireworks Showrooms, LLC v. Wolf*, 198 A.3d 1205, 1220 (Pa. Cmwlth. 2018). We review the record in the light most favorable to the opposing party and resolve all doubts concerning the existence of a genuine issue of material fact in favor of that party. *Id.* While Petitioner's arguments echo the arguments raised in *Torsilieri*, it is not at all clear that he is entitled to summary relief at this stage. Thus, we deny the application for summary relief to allow Petitioner to develop a factual record in this matter.

In light of the foregoing, we deny Petitioner's application for summary relief.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

N.K.D.,                          :
              Petitioner    :
                      :
        v.              :  No. 622 M.D. 2019
                      :
Commissioner of the Pennsylvania :
State Police, Robert Evanchick,  :
            Respondent   :

## O R D E R

AND NOW, this 18th day of January, 2022, Petitioner's application for summary relief is DENIED.

_____

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita